IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA TATUM      * | |
|     Plaintiff, | |
| v.      * | CIVIL ACTION NO. RWT-06-794 |
| KAY MANAGEMENT, INC.      * | |
|     Defendant. | |
|     *** | |

**MEMORANDUM OPINION**

    Barbara Tatum, a resident of Mitchellville, Maryland, filed the instant 28 U.S.C. § 1332 Complaint against Kay Management, Inc. ("Kay Management"), claiming that after eight years of employment she was fired from her job as a leasing specialist, depriving her from receiving full benefits from her retirement fund.[1] (Paper No. 1). Plaintiff states that she leased more town houses and apartment than any of her colleagues and was one of the highest paid leasing specialists within the company. She alleges that she is 64 years old and believes she was discriminated against because of her age (64). (Id.). Plaintiff seeks $40,000.00 in damages. Because she appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted.

    When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S.Ct. 2218, 2221 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side

---

[1] Based upon information in Plaintiff's indigency affidavit, it appears she last worked for Kay Management on August 15, 2005. (Paper No. 2).

of the litigation are of a different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The undersigned observes that both Plaintiff and Defendant reside in Maryland. Thus, Plaintiff's complaint cannot meet federal diversity requirements.[2]

The Court's examination of the pro se matter does not end here. Although her attempt to invoke this Court's diversity jurisdiction has been disallowed, Plaintiff's action reads as an employment discrimination complaint alleging discrimination on the basis of age. This may be actionable in the federal courts.[3] Therefore, Plaintiff will be granted additional time to (i) complete and file an employment discrimination complaint form packet, (ii) provide a copy of her "right to sue" letter; and (iii) complete the civil cover sheet. Plaintiff is forewarned that her failure to complete all of these steps and submit the necessary paperwork to this Court in a timely manner will result in the dismissal of her case without prejudice.

A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: 4/7/06                                     /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

---

[2] In a diversity matter the amount in controversy must exceed the sum or value of $75,000.00. See 28 U.S.C. § 1332(a). The $40,000.00 in controversy here does not meet the jurisdictional amount.

[3] Such a claim may be raised under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. The ADEA requires a plaintiff to meet certain conditions precedent prior to filing a complaint with the federal courts. See 29 U.S.C. § 626(d). This includes the timely filing of administrative remedies with the appropriate agency, i.e. Equal Employment Opportunity Commission. See Felty v. Graves-Humphreys, 785 F.2d 516, 518-19 (4th Cir. 1986); Price v. Litton Business Systems, 694 F.2d 963, 965 (4th Cir. 1982).